Filed 1/13/21  P. v. Owney CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F079799 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. BF172619A) |
| DARRELL MONTE OWNEY, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Eric Bradshw, Judge.

Andrea Keith, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Barton E. Bowers, Jamie A. Scheidegger and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Smith, Acting P.J., Meehan, J. and Snauffer, J.

Defendant Darrell Monte Owney stands convicted of robbery. On appeal, he contends he was eligible for the mental health diversion program and therefore (1) the trial court abused its discretion in denying his request for a new attorney who would assist him to that end, and (2) defense counsel was ineffective in failing to seek mental health diversion. Additionally, defendant contends his one-year prior prison term enhancement should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). The People agree with all three contentions. We conditionally reverse the judgment, direct the trial court to strike the prior prison term enhancement, and remand to the trial court for further proceedings.

## PROCEDURAL SUMMARY

On July 10, 2018, the Kern County District Attorney filed an information charging defendant with robbery (§§ 211, 212.5, subd. (c); count 1), and petty theft with a prior theft conviction (§ 666, subd. (a); count 2). The information further alleged that defendant had suffered a prior felony "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), which also qualified as a prior serious felony conviction (§ 667, subd. (a)), and had served seven prior prison terms (§ 667.5, subd. (b)).

On July 12, 2019, the jury found defendant guilty on count 1. The jury reached no verdict on count 2, and the trial court later dismissed that count. On July 16, 2019, in a bifurcated hearing, the trial court found true that defendant had suffered a prior strike conviction and a prior serious felony conviction and had served five prior prison terms. The prior prison terms found true were served for convictions of robbery (§ 212.5); unauthorized acquisition, possession, or sale of food benefits (Welf. & Inst. Code, § 10980, subd. (g)); failure of a sex offender to inform a law enforcement agency of a

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

2.

change in residential address (§ 290.013, subd. (a)); possession of a firearm by a felon (former § 12021, subd. (a), now § 29800, subd. (a)(1)); and possession of a controlled substance in prison  (§ 4573.6, subd. (a)).

On August 13, 2019, the trial court sentenced defendant to 12 years in prison as follows:  on count 1, six years (the middle term of three years doubled due to the prior strike), plus a five-year prior serious felony enhancement and a one-year prior prison term enhancement.[2]

On August 13, 2019, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On June 12, 2018, at about 9:30 a.m., defendant and a woman were observed in a grocery store in Kern County.  They walked with a cart containing alcohol bottles past the cash registers and exited the grocery store.  A store clerk approached defendant and the woman and asked if they had a receipt.  Defendant said, " 'If you know what's good for you, you'll back off.' "  Defendant then said, " 'It's not you worth risking your life.' "  Defendant and the woman then walked to a vehicle and loaded the alcohol in the trunk.  Defendant was unable to start the car and walked to a fast food restaurant, roughly 400 feet from the grocery store.

On the same morning, Bakersfield police officers arrested defendant at the fast food restaurant.

## DISCUSSION

### A.  Mental Health Diversion

Defendant contends that he should have been considered for mental health diversion.  Because defense counsel did not assist him to that end, defendant argues that (1) the trial court erred in failing to grant his request for new counsel pursuant to *People v. Marsden* (1970) 2 Cal.2d 118, and (2) his defense counsel provided ineffective

---

[2]     The trial court struck the other prior prison term enhancements.

assistance of counsel. The People agree, as do we, that defendant may be eligible for mental health diversion and the matter should be remanded for the trial court to make that determination in the first instance.

### 1. Additional Background

On June 20, 2019, the trial court held a hearing on defendant's request for new counsel. Defendant complained, among other things, that he had asked defense counsel to seek his placement in the mental health diversion program. Defense counsel responded that he had defendant assessed by a psychologist, who diagnosed him with schizophrenia and bipolar disorder, found that his conditions did contribute to the charged offense, and found "that psychiatrically he would be eligible for mental health diversion." However, defense counsel commented that defendant had a 1996 conviction for sodomy while confined in a state prison (§ 286, subd. (e)) that rendered him ineligible for mental health diversion. The trial court denied defendant's request for new counsel, in part because defendant "would not be eligible for the [mental health] diversion" program. The court explained that it had recently resolved a similar issue in a different case where the defendant was automatically ineligible for a diversion program because of a prior conviction.

### 2. Standard of Review

"When a defendant seeks substitution of appointed counsel pursuant to *People v. Marsden*, *supra*, 2 Cal.3d 118, 'the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of inadequate performance. A defendant is entitled to relief if the record clearly shows that the appointed counsel is not providing adequate representation or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result.' " (*People v. Taylor* (2010) 48 Cal.4th 574, 599.)

Denial of a request for substitution of counsel is reviewed for abuse of discretion. (*People v. Taylor*, *supra*, 48 Cal. 4th at p. 599.) "Denial is not an abuse of discretion

4.

'unless the defendant has shown that a failure to replace counsel would substantially impair the defendant's right to assistance of counsel.' " (*Ibid.*) *Marsden* error is only harmless if a reviewing court can " 'conclude beyond a reasonable doubt that th[e] denial of the effective assistance of counsel did not contribute to the conviction.' " (*People v. Sanchez* (2011) 53 Cal.4th 80, 92; accord, *People v. Loya* (2016) 1 Cal.App.5th 932, 945 ["The standard for prejudice regarding a denied *Marsden* motion is under *Chapman v. California* (1967) 386 U.S. 18."].)

### 3. Analysis

In 2018, the Legislature enacted section 1001.36, making defendants charged with "a misdemeanor or felony" and who suffer from a qualifying mental health disorder generally eligible for pretrial mental health diversion. (§ 1001.36.) (Stats. 2018, ch. 34, § 24.) Section 1001.36 allows a trial court to grant pretrial diversion to a defendant suffering from a qualifying mental disorder if six criteria are satisfied. (§ 1001.36, subd. (a).)

First, the defendant must have a qualifying mental disorder. Schizophrenia and bipolar disorder—both of which defendant was diagnosed with—are qualifying mental disorders. (§ 1001.36, subd. (b)(1)(A).)

Second, the court must be satisfied that the "defendant's mental disorder was a significant factor in the commission of the charged offense." (§ 1001.36, subd. (b)(1)(B).) In reaching its conclusion, the court may consider relevant evidence, including statements by the defendant's mental health provider. (§ 1001.36, subd. (b)(1)(B).) Here, defendant's psychologist's report indicates she would have opined that he "committed [the] crime because of his mental disorder."

Third, the mental health expert must opine that the symptoms of the mental disorder that motivated the criminal behavior would respond to mental health treatment. (§ 1001.36, subd. (b)(1)(C).) Here, based on the psychologist's report, she would have

opined that defendant's "mental disorder motivated his criminal behavior and he is amenable and likely to respond and benefit from mental health treatment."

Fourth and fifth, the defendant must consent to the diversion program (§ 1001.36, subd. (b)(1)(D)) and agree to comply with treatment as a condition of diversion (§ 1001.36, subd. (b)(1)(E)). Here, defendant requested the diversion program during the *Marsden* hearing which suggests that he would consent to treatment.

Sixth, "[t]he court [must be] satisfied that the defendant will not pose an unreasonable risk of danger to public safety, as defined in [s]ection 1170.18, if treated in the community. The court may consider the opinions of the district attorney, the defense, or a qualified mental health expert, and may consider the defendant's violence and criminal history, the current charged offense, and any other factors that the court deems appropriate." (§ 1001.36, subd. (b)(1)(F).) Section 1170.18 defines " 'unreasonable risk of danger to public safety' " as the likelihood a defendant will commit a new violent felony within the meaning of section 667, subdivision (e)(2)(C)(iv). (§ 1170.18, subd. (c).) Sodomy, if it was accomplished as a sexually violent offense—accomplished by force, violence, duress, menace, or fear—is one such offense. (§ 667, subd. (e)(2)(C)(iv); Welf. & Inst. Code, § 6600, subd. (b).) The record does not make clear that defendant's section 286, subdivision (e) conviction was a sexually violent offense. Regardless, a prior conviction for a violent felony does not categorically disqualify defendant from diversion program eligibility. As the parties agree, the sixth inquiry for diversion program eligibility is whether he *currently* poses an unreasonable risk to public safety because he is likely to commit a new listed felony. (See *People v. Buford* (2016) 4 Cal.App.5th 886, 913–914 [addressing whether a defendant "would pose an unreasonable risk of danger to public safety" for purposes of section 1170.126, subdivision (f)].) The inquiry is "an individualized one, and cannot be undertaken simply by examining the circumstances of the crime in isolation, without consideration of the passage of time or the attendant changes in the inmate's psychological or mental

6.

attitude." (*Buford*, at p. 914.) Contrary to defense counsel's assertion, defendant was not categorically ineligible for the diversion program.

As the record shows and the People concede, because defendant was not categorically ineligible for diversion, his right to assistance of counsel was substantially impaired by defense counsel's refusal to seek admission into the diversion program on his behalf. The trial court therefore abused its discretion in denying defendant's request to substitute counsel. Further, we cannot conclude that the error was harmless beyond a reasonable doubt. For those reasons, we conditionally reverse the judgment.

## B. Senate Bill 136

Defendant argues his prior prison term enhancement must be stricken based on the retroactive application of Senate Bill 136. The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed one 1-year section 667.5, subdivision (b) prior prison term enhancement. Although the trial court did not specify which of the five prior prison terms the enhancement was based upon, the trial court found true that defendant served terms only for convictions of robbery (§ 212.5); unauthorized acquisition, possession, or sale of food benefits (Welf. & Inst. Code, § 10980, subd. (g)); failure of a sex offender to inform a law enforcement agency of a change in residential address (§ 290.013, subd. (a)); possession of a firearm by a felon (former § 12021, subd. (a), now § 29800, subd. (a)(1)); and possession of a controlled substance in prison (§ 4573.6, subd. (a)), none of which is a sexually violent offense as defined in Welfare and Institutions Code

7.

section 6600, subdivision (b). On January 1, 2020, defendant's case was not yet final. Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b).

Where an appellate court strikes (or orders stricken) a portion of a sentence, remand for " 'a full resentencing as to all counts is [generally] appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) However, remand is unnecessary where the trial court has imposed the maximum possible sentence. (*People v. Lopez*, *supra*, 42 Cal.App.5th at p. 342.)

Here, defendant was not sentenced to the maximum possible sentence so there is no reason to deviate from the general rule if the judgment is reinstated. We therefore direct the trial court to strike defendant's prior prison term enhancement and resentence defendant in light of the changed circumstances, on condition that defendant is not granted mental health diversion, or is granted diversion but does not successfully complete the program.

## DISPOSITION

The judgment is conditionally reversed. The matter is remanded to the trial court with directions to appoint new counsel and hold a diversion eligibility hearing under section 1001.36. If the court finds defendant eligible under that statute, it may grant diversion. If defendant then satisfactorily performs in diversion, the court shall dismiss the charges. (§ 1001.36, subd. (e).) However, if the court does not grant diversion, or it grants diversion, but defendant fails to satisfactorily complete it (§ 1001.36, subd. (d)), then the court shall reinstate the judgment, strike the prior prison term enhancement, resentence defendant in light of the changed circumstances, and forward a certified copy of the resulting amended abstract of judgment to the appropriate entities.